UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

JERRY DILLINGHAM,

    Plaintiff,

  v.

EVA SCRUGGS, et al.,

    Defendants.

Case No. 16-cv-03267-YGR (PR)

(9th Cir. No. 18-16300)

**ORDER DENYING PLAINTIFF'S MOTION FOR RELIEF FROM JUDGMENT**

## I. INTRODUCTION

This is a closed civil rights matter. Plaintiff, who is currently incarcerated at Kern Valley State Prison, had brought this *pro se* action, pursuant to 42 U.S.C. § 1983, stemming from alleged constitutional violations that took place while he was incarcerated at Salinas Valley State Prison ("SVSP") from 2011 through 2013. Plaintiff sought monetary damages based on alleged injuries caused by the following Defendants: SVSP Bakery Supervisors Eva Scruggs and J. Brunscher; SVSP Lieutenant R. Mojica, SVSP Warden A. Hedgpeth; California Department of Corrections and Rehabilitation ("CDCR") Secretary J. Beard; and CDCR Director M. Cate.

The Court notes that Plaintiff originally filed the same claims against most of the same Defendants in another civil rights action, Case No. C 12-6537 YGR (PR) (hereinafter "*Dillingham I*"), in which the Second Amended Complaint ("SAC") was the operative complaint. *Compare* Dkt. 1 *with* Dkt. 16 in Case No. C 12-6537 YGR (PR). In *Dillingham I*, the Court granted Defendants' motion for summary judgment based on the failure to exhaust administrative remedies under the Prison Litigation Reform Act of 1995 ("PLRA"), 42 U.S.C. § 1997e(a), as to most of the claims in the SAC (i.e., all claims except for the retaliation claim against Defendants Brunscher and Scruggs, and SVSP Officer S. Lawson). *See* Dkt. 97 in Case No. C 12-6537 YGR (PR) at 3-14. The aforementioned claims were dismissed without prejudice to refiling after exhausting California's prison administrative process. *See id.* (citing *McKinney v. Carey*, 311 F.3d 1198, 1199-1201 (9th Cir. 2002)). The Court granted the Defendants' motion for summary judgment as to Plaintiff's remaining retaliation claim and issued judgment. *Id.* at 14-24; *see also*

Dkt. 98 in Case No. C 12-6537 YGR (PR). Plaintiff appealed the judgment (entered on September 8, 2015), but he voluntarily dismissed his appeal. Dkt. 101 in Case No. C 12-6537 YGR (PR).

Plaintiff then submitted a new complaint in the instant action, in which he has refiled most of the claims from *Dillingham I* and indicated that he has since exhausted his claims to the "highest level of appeal available to [him]." *See* Dkt. 1 at 1-2.[1]

After the Order of Service was issued, both Plaintiff and Defendants moved for summary judgment (and partial summary judgment) or cross-summary judgment under Federal Rule of Civil Procedure 56. Dkts. 20, 45. In Plaintiff's motion, he moved for "partial" summary judgment on the ground that there were no material facts in dispute and that he was entitled to judgment as a matter of law. Dkt. 20. Meanwhile, in Defendants' cross-motion for summary judgment, Defendants argued that they were entitled to summary judgment for the following reasons: (1) Plaintiff did not comply with the requirement to exhaust available administrative remedies before bringing *Dillingham I* and he still had not complied with this requirement because he never exhausted a grievance related to his claims through all three levels of administrative review, Dkt. 45 at 6; and (2) Plaintiff was collaterally estopped from re-litigating his claim that administrative remedies were unavailable before the Court's September 8, 2015 ruling in *Dillingham I* that such a claim that "administrative remedies were unavailable was 'conclusory at best' and 'the evidence produced by Defendants [wa]s sufficient to carry their ultimate burden of proof to show that [Dillingham's deliberate indifference, access-to-court, and conspiracy claims] are unexhausted, even in light of [Dillingham's] verified factual allegations,'" *id.* (quoting Dkt. 97 in Case No. C 12-6537 YGR (PR) at 13).

In an Order dated June 12, 2018, the Court granted Defendants' cross-motion for summary judgment based on Plaintiff's failure to exhaust administrative remedies as to all the claims in his new complaint, denied Plaintiff's motion for partial summary judgment, and denied as moot all remaining pending motions, including Plaintiff's "Motion to Stay Case Pending Court Ruling on Emergency Request of Appointment of Counsel." Dkt. 81.

---

[1] Page number citations refer to those assigned by the Court's electronic case management filing system and not those assigned by the parties.

Before the Court is Plaintiff's filing entitled, "Motion Notice to Vacate Judgment," which the Court construes as a motion for reconsideration or relief from judgment. Dkt. 85. Specifically, Plaintiff moves for relief from the Court's June 12, 2018 judgment.

Having read and considered the papers filed in connection with this matter and being fully informed, the Court hereby DENIES the motion for the reasons set forth below.

**II.  DISCUSSION**

Where, as here, the Court's ruling has resulted in a final judgment or order, a motion for reconsideration may be based either on Rule 59(e) or Rule 60(b) of the Federal Rules of Civil Procedure. As of 2009, the Federal Appellate Rule 4's deadline to file a motion for reconsideration under either Rule 59(e) or Rule 60(b) is twenty-eight days. *See Classic Concepts, Inc. v. Linen Source, Inc.*, 716 F.3d 1282, 1285 (9th Cir. 2013). Plaintiff's present motion was filed within the twenty-eight day period, and it is therefore timely under both rules.

A motion for reconsideration under Rule 59(e) "'should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the law.'" *McDowell v. Calderon*, 197 F.3d 1253, 1255 (9th Cir. 1999) (citation omitted) (en banc). A district court does not commit clear error warranting reconsideration when the question before it is a debatable one. *See id.* at 1256 (district court did not abuse its discretion in denying reconsideration where question whether it could enter protective order in habeas action limiting Attorney General's use of documents from trial counsel's file was debatable). Meanwhile, under Federal Rule of Civil Procedure 60(b), a party may seek relief from a judgment and to re-open his case in limited circumstances. The Rule provides:

> **(b) Grounds for Relief from a Final Judgment, Order, or Proceeding**. On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:
>
> (1) mistake, inadvertence, surprise, or excusable neglect;
>
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);

3

> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
>
> (4) the judgment is void;
>
> (5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
>
> (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b). The decision of whether or not to grant relief under Rule 60(b) is matter of the district court's discretion. *See Fantasyland Video, Inc. v. County of San Diego*, 505 F.3d 996, 1001 (9th Cir. 2007).

Rule 60(b)(6) allows courts the discretion "to vacate judgments whenever such action is appropriate to accomplish justice." *Phelps v. Alameida*, 569 F.3d 1120, 1135 (9th Cir. 2009) (citation omitted). Rule 60(b)(6) is to be "used sparingly as an equitable remedy to prevent manifest injustice and is to be utilized only where extraordinary circumstances prevented a party from taking timely action to prevent or correct an erroneous judgment." *Harvest v. Castro*, 531 F.3d 737, 749 (9th Cir. 2008) (internal quotations omitted).

Motions for reconsideration should not be frequently made or freely granted; they are not a substitute for appeal or a means of attacking some perceived error of the court. *See Twentieth Century - Fox Film Corp. v. Dunnahoo*, 637 F.2d 1338, 1341 (9th Cir. 1981). "'[T]he major grounds that justify reconsideration involve an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice.'" *Pyramid Lake Paiute Tribe of Indians v. Hodel*, 882 F.2d 364, 369 n.5 (9th Cir. 1989) (quoting *United States v. Desert Gold Mining Co.*, 433 F.2d 713, 715 (9th Cir. 1970)).

Here, Plaintiff does not indicate under what provision of either Rule 59(e) or Rule 60(b) reconsideration is warranted. In any case, he presents no valid basis for reconsideration or relief from judgment under either Rule 59(e) or Rule 60(b). As explained below, he alleges no new evidence that could not have been discovered with due diligence. While he makes certain conclusory arguments to this effect, he fails to show mistake, inadvertence, surprise, excusable neglect, fraud by the adverse party, or voiding of the judgment. Finally, he does not provide any other reason justifying relief, such as extraordinary circumstances.

Instead, Plaintiff's motion claims that the Court: (1) "failed to examine the record"; (2) abused its discretion in granting Defendants' cross-motion for summary judgment; (3) "committed fraud or refused to apply the correct . . . legal standard or applied the incorrect legal standard in reaching its conclusions"; (4) failed to "follow guidance from Supre[me] Court decisions [and] Appellate Court . . . decisions" precedent; (5) "committed prejudicial error" by excluding evidence; and (6) abused its discretion in denying his motions for appointment of counsel. Dkt. 85 at 2-4.

Throughout his motion Plaintiff mostly is focused on the Court's alleged erroneous analysis of his administrative grievance history in this case and *Dillingham I*, the applicable CDCR regulations governing the appeals process and cases interpreting it, as well as the unavailability of the grievance process to him. *Id.* at 10-12. Furthermore, Plaintiff claims that his evidence established issues of material fact concerning his appeals activity. *Id.* at 13.

Here, the Court's June 12, 2018 decision to grant Defendants' cross-motion for summary judgment, deny Plaintiff's motions, and enter judgment was not clearly erroneous. First, the Court intricately analyzed the legal framework of CDCR's inmate grievance process, Plaintiff's appeal history, and its findings regarding exhaustion of his claims in *Dillingham I*. Dkt. 81 at 5-12, 14-18. The Court also assessed Plaintiff's claims that he exhausted all available administrative remedies following *Dillingham I*, and found them unsupported by the evidence, stating as follows:

> In the present case, Plaintiff seems to make a conclusory claim that after the Court's September 8, 2015 Order in *Dillingham I*, he exhausted all available administrative remedies as to the claims in his complaint. *See* Dkt. 1 at 2. As explained above, such claim is not supported by the evidence. Plaintiff also appears to argue that he was excused from exhausting his claims through the third level of review because he was not allowed to re-submit his March 27, 2011 602 appeal. *See* Dkt. 1, Exs. O-S. However, the evidence attached to Plaintiff's complaint does not show that he ever actually re-submitted this appeal. *Id.* Instead, his exhibits appear to show that Plaintiff submitted multiple requests inquiring about the status of his March 27, 2011 602 appeal using a CDCR Form 22 or "Inmate/Parolee Request for Interview, Item of Service," which is not the same as re-submitting the actual 602 appeal form. *See id.* As explained above, there is no evidence that Plaintiff submitted or re-submitted the March 27, 2011 602 appeal. Defendants have provided Defendant Mojica's previous declaration (from *Dillingham I*) showing that no such 602 appeal was received. *See* Dkt. 1, Ex. D, Seals Decl., Ex. 7 (Mojica Decl.) at Ex. A. Plaintiff has not presented evidence that he was

5

United States District Court
Northern District of California

> prevented from re-submitting the March 27, 2011 602 appeal. Instead, the evidence shows that Plaintiff was well-versed on how to submit grievances because he submitted multiple grievances during this period, some of which were exhausted through all three levels of review. *See* Seals Decl., Ex. 5 (Briggs Decl.) at Ex. A; Voong Decl., Ex. A. Moreover, the record also shows that Plaintiff never submitted any grievances complaining that Defendant Mojica failed to respond to the March 27, 2011 602 appeal or claiming that Defendant Mojica intentionally prevented this grievance's submission. Plaintiff has failed to present evidence that he actually submitted the March 27, 2011 602 appeal and thus, it follows that this grievance was not exhausted through the third level.

*Id.* at 18. As shown above, while Plaintiff claims that the Court incorrectly interpreted case law in determining that the administrative appeals process was available to him or which party had the burden of demonstrating this, the Court succinctly described these matters and then found, after analyzing Plaintiff's evidence, that he had not presented evidence that he was prevented from re-submitting the salient March 27, 2011 602 appeal allegedly concerning his operative claims. *Id.* at 16, 18. Furthermore, the Court found that Plaintiff was collaterally estopped from re-litigating his claim that administrative remedies were unavailable, stating as follows:

> . . . Defendants argue that Plaintiff's claim that administrative remedies were unavailable (purportedly because Defendant Mojica failed to respond to the March 27, 2011 602 appeal) is not credible, and they add that because it was previously addressed by this Court such an argument is now collaterally estopped. This Court agrees. Re-litigation of an issue decided in a prior proceeding is prohibited by the doctrine of collateral estoppel. *Allen v. McCurry*, 449 U.S. 90, 96, 105 (1980) (collateral estoppel applies to section 1983 suits). Collateral estoppel, also known as issue preclusion, prohibits the re-litigation of issues decided in a prior proceeding when "(1) the issues in both proceedings are identical, (2) the issue in the prior proceeding was actually litigated and actually decided, (3) there was [a] full and fair opportunity to litigate in the prior proceeding, and (4) the issue previously litigated was necessary to support a valid and final judgment on the merits." *Grieve v. Tamerin*, 269 F.3d 149, 153 (2d Cir. 2001) (citation and quotation marks omitted). All elements of collateral estoppel are present here, as Defendants have shown. The present issue—involving Plaintiff's position that exhaustion was unavailable—is identical to the one decided in the prior proceeding[2]; exhaustion was actually litigated and actually decided in the prior action (it was the central issue); there was a full and fair opportunity to litigate the issue in the prior proceeding (both parties fully briefed the issue); and the litigation of the exhaustion issue was necessary to support a valid and final judgment on the merits (the decision in the

---

[2] In *Dillingham I*, this Court noted that Plaintiff's had initially filed an appeal, but he voluntarily dismissed it. Dkt. 101 in Case No. C 12-6537 YGR (PR). As such, the Court's previous rulings in *Dillingham I* still stand.

> prior proceeding was the reason summary judgment was granted and the claims at issue were dismissed). The Court also notes that the party against whom preclusion is sought (Plaintiff) is the same in both actions. This Court's prior determination of the issue of exhaustion applies here and bars re-litigation.

*Id.* at 18-19 (footnote in original).

Thus, at its core, Plaintiff's arguments for vacating the June 12, 2018 Order amounts to his mere dissatisfaction with that Order, which is not an adequate ground for relief. *See Twentieth Century-Fox Film Corp.*, 637 F.2d at 1341.

Finally, contrary to Plaintiff's claims, the Court did not commit clear error when it denied Plaintiff's motion for appointment of counsel. *See* Dkt. 81 at 20. There is no constitutional right to counsel in a civil case unless an indigent litigant may lose his physical liberty if he loses the litigation. *See Lassiter v. Dep't of Soc. Servs.*, 452 U.S. 18, 25 (1981). The Court may ask counsel to represent an indigent litigant only in "exceptional circumstances," the determination of which requires an evaluation of both (1) the likelihood of success on the merits, and (2) the ability of the plaintiff to articulate his claims *pro se* in light of the complexity of the legal issues involved. *Rand v. Rowland*, 113 F.3d 1520, 1525 (9th Cir. 1997). Both of the factors must be viewed together. *Id.* Here, the Court did not commit clear error in denying Plaintiff's motion for appointment of counsel because it was evident that he did not have a likelihood of success on the merits because his claims were barred by the exhaustion requirement—deficiencies that Plaintiff could not cure, even with the appointment of counsel.

In granting summary judgment to Defendants and denying Plaintiff's motions, the Court correctly concluded that Plaintiff did not exhaust all administrative remedies and was precluded from relitigating certain exhaustion issues following the decision in *Dillingham I*. The instant motion for relief from judgment contains no showing of newly-discovered evidence, or that the Court committed clear error or made an initial decision that was manifestly unjust, or that there was an intervening change in controlling law. *See* Fed. R. Civ. P. 59(e); *United Nat. Ins. Co. v. Spectrum Worldwide, Inc.*, 555 F.3d 772, 779 (9th Cir. 2009) (quoting *Zimmerman v. City of Oakland*, 255 F.3d 734, 740 (9th Cir. 2001)). Nor does the motion contain a showing of newly-discovered evidence, nor does it set forth any mistake, inadvertence, surprise, excusable neglect,

fraud by the adverse party, or voiding of the judgment; Plaintiff offers no other reason justifying relief. *See* Fed. R. Civ. P. 60(b); *School Dist. 1J v. ACandS Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993). Thus, Plaintiff has failed to carry his burden to show error under either Rule 59(e) or Rule 60(b) that would warrant vacating the judgment.

Accordingly, the Court DENIES his motion for relief from its June 12, 2018 judgment.

## III. CONCLUSION

For the foregoing reasons, the Court orders as follows:

1. The Court DENIES Plaintiff's "Motion Notice to Vacate Judgment," which has been construed as a motion for reconsideration or relief from judgment. Dkt. 85.

2. The Clerk of the Court shall send a copy of this Order to the Ninth Circuit.

3. This Order terminates Docket No. 85.

IT IS SO ORDERED.

Dated: October 22, 2018

_____
YVONNE GONZALEZ ROGERS
United States District Judge